## EWELL McFADDEN v. G. B. GRAY.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

Lewis & Rhodes, of Paris, for plaintiff in error.

J. W. Van Dyke, of Paris, for defendant in error.

OWEN, J. Gray, the plaintiff below, sued McFadden, hereinafter called defendant, for personal injuries and damages to Gray's automobile, alleged to have been sustained in a collision on Dunlap street, Paris, Tennessee, on the 13th day of January, 1928.

From the judgment of the justice there was an appeal to the circuit court where the cause was tried before the Circuit Judge

without the intervention of a jury. There was a judgment for plaintiff for $100. The defendant filed a motion for a new trial which was overruled, perfected his appeal and has assigned three errors as follows:

1. There is no evidence to support the verdict of the court.

2. The judgment of the court is against the law and the evidence.

3. The court erred in rendering judgment against the defendant, and his sureties on his appeal bond for $100 and the costs of the cause.

The second assignment is overruled because it is too general. As to the first assignment, there was no verdict but we will treat the word, verdict, meaning judgment and as to this assignment there is a conflict in the evidence as to whose negligence caused the accident. There was a collision between the automobiles of the plaintiff and the defendant. The plaintiff testified that he had brought his car to a stop just prior to the accident and that the defendant was running his car at the rate of forty-five miles per hour. The defendant testified that his car was running at a rate not exceeding fifteen miles per hour. The trial judge saw these witnesses on the stand and he resolved the conflict in favor of the plaintiff and we find material evidence to sustain his judgment. Some one was guilty of negligence in causing the collision. The plaintiff's car was damaged; it took $27.50 to repair it, and the plaintiff sustained some serious injuries.

We are of the opinion that if the defendant had his car under proper control he would have avoided the collision with the plaintiff.

In the case of Tennessee Central Ry. Company v. Page, reported in 153 Tennessee, page 91, the Supreme Court said:

"Generally speaking, the violation of a rule of the common law, a statute, a municipal ordinance, or any failure to perform a duty imposed for the public safety, is actionable negligence, and whoever suffers in consequence of the violation or nonperformance of the law may maintain an action against the offender for the injuries sustained."

In the case of Adams v. Inn Company, reported in 117 Tenn., page 477, the same principal is stated by the Supreme Court in the following words:

"Generally speaking, the violation of a rule of the common law, a statute, or an ordinance of a municipality, or the failure to discharge and perform a duty so imposed in the interest of the public, is actionable negligence, and anyone coming within the protection of the law, or intended to be benefited

by it, who suffers an injury peculiar to himself, the proximate cause of which is the violation or nonperformance of the law, may maintain an action against the offender for the injuries sustained by him.''

As to the third assignment the same is sustained. In part the sureties on the appeal bond were only liable for the damages incurred. They are not liable for any part of the judgment; this is an action in damages.

The judgment of the lower court will be modified by relieving the sureties on the appeal bond being held liable for any part of the judgment; with this modification.

The assignments of error are overruled and disallowed. The sureties on appeal bond will pay all the costs of the cause for which execution will issue. Execution will issue against the defendant in favor of the plaintiff for $100, with interest thereon from the date said judgment was rendered in circuit court of Henry county.

Heiskell and Senter, JJ., concur.